# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

# ***

| | |
|---|---|
| JOHN LUCKETT,<br><br>            Plaintiff,<br><br>vs.<br><br>UNITED TITLE COMPANY, INC., *et al.*,<br><br>            Defendants. | Case No. 2:15-cv-00168-APG-VCF<br><br>**ORDER AND**<br>**REPORT RECOMMENDATION**<br><br>Amended Complaint (#6) |

This matter involves John Luckett's civil-action against United Title Company, Inc., *et al*. (*See* Compl. #1-1). Before the court is Luckett's first amended complaint (#6) to proceed *in forma pauperis*. For the reasons stated below, Luckett's amended complaint should be dismissed with prejudice.

## BACKGROUND

Because the court granted Luckett's application to proceed *in forma pauperis* and dismissed his complaint with leave to amend (#3), it must now review Luckett's amended complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). This matter involves *pro se* Plaintiff John Luckett's claims of (1) negligence, (2) fraud, (3) misappropriation of funds, (4) extortion, (5) intentional infliction of emotional distress, (6) embezzlement, and (7) bad faith against United Title Company, Inc. ("United Title"), Chicago Title of Nevada ("Chicago Title"), Timothy Lucas, Hale Lane, Holland & Hart, and Attorney Liability Protection Society, Inc. (#1 at 1). Luckett alleges that he was, and still is, a California resident during the time when all the allegations of complaint arose out of Defendants' conduct in Nevada. (*Id*.). He alleges

1

that all Defendants, except Attorney Liability, which is a Montana corporation, reside, conduct business, and are incorporated in Nevada. The amount in controversy is approximately $700,000. (*Id.*).

Luckett alleges that Defendants United Title and Chicago Title were ordered to place $450,000 in a bank account to secure two judgements: (1) Luckett's California judgements against decedent Andrews and (2) Luckett's Nevada Foreign Domesticated Judgements against decedent Andrew's estate by an Eighth Judicial District judge. (*Id.* at 2). United Title and Chicago Title were represented by Timothy Lucas, an attorney with Hale Lane, now Holland & Hart. (*Id.*). Hale Lane was hired to represent Luckett through Attorney Liability Protection Society, Inc. (*Id.*). Luckett placed a lien against the estate of Andrew's home in California, valued at approximately $450,000, before the house was sold. (*Id.*). In order for United Title and Chicago Title to obtain clear title on the property they had to obtain a special order from the Nevada probate court to set these funds aside in a bank account, which the court granted. (*Id.*). United Title and Chicago Title kept the money in an escrow account pending litigation in the California courts. (*Id.*). One of the California judgements pertaining to Andrews was set aside by a California appeals courts. (*Id.*). Luckett alleges that United Title and Chicago Title negligently assumed that Luckett's case and judgements were vacated and returned $400,000 to Hale Lane without notice to Luckett or leave of court. (*Id.*). Luckett alleges that the remaining defendants are vicariously liable for negligence for United Title and Chicago Title's mishandling the money. (*Id.*).[1]

## DISCUSSION

Luckett's filings present two questions: (1) whether Luckett's amended complaint shows that the court has jurisdiction over Luckett's action, and (2) whether Luckett's complaint states a plausible claim

---

[1] Luckett is listed by California courts as a "vexatious litigant" and is prohibited from filing suits in California without the court's permission. He filed 11 complaints against an arcade operator in Las Vegas for "forever 86ing" him from the Pinball Hall of Fame. Kristen Peterson, *A Bizarre Lawsuit Has The Pinball Hall of Fame Playing Defense*, Las Vegas Sun, June 30, 2011. ("Since 1998, he's filed more than 15 lawsuits in Nevada. […] Luckett is seemingly indiscriminate in his litigation: He has sued banks, restaurants, individuals, a car dealership, and a time-share company (for a cruise he didn't get).")

for negligence, fraud, misappropriation of funds, extortion, intentional infliction of emotional distress, embezzlement, and bad faith.

## I.     The Court Has Jurisdiction Over Luckett's Action

Federal Rule of Civil Procedure 8(a)(1) governs jurisdictional pleadings. It states that complaints must contain "a short and plain statement of the grounds for the court's jurisdiction." Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also* 28 U.S.C. § 1331; 28 U.S.C. § 1332. Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute. *See id.* (citation omitted). The burden of proving jurisdiction rests on the party asserting jurisdiction, *see McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936), and the U.S. Supreme Court has long directed lower courts to presume that they lack jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. 8, 11, 4 Dall. 8, 11 (1799). The Ninth Circuit recently determined that the Supreme Court's decision in *Ashcroft v. Iqbal* applies to Rule 8(a)(1). *See Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir 2014). This means that jurisdictional allegations must be "plausible" and cannot be conclusory. Here, Luckett predicates the court's jurisdiction on 28 U.S.C. § 1332. This statue provides that, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." 28 U.S.C. § 1332. Further, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated." (*Id.*).

Luckett's amended complaint satisfies section 1332's requirements. It alleges that Luckett is a citizen of California, Defendants are citizens of Nevada and Montana, and the amount in controversy is $700,000.

In Luckett's initial complaint, it appeared as though Luckett enlisted this court to review state court judgements. *See* (Compl. #1-1 at 2) ("I was hoping to have this matter resolved in the CLARK COUNTY NEV. PROBATE COURT, AND OR NEV. SUPREME COURT over the last few years where the matter has been in litigation untill [*sic*.] a few days ago when they dismissed one of my 3 appears, and affirmed the other two.") (emphasis original). "[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings." *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Here, Luckett has omitted this statement and has explained that he is commencing this action for negligence for mishandling the money in controversy in the state court proceeding. The amended complaint does not contain "plausible" allegations in support of these jurisdictional pledges, as required by *Leite*. However, because Luckett is proceeding *pro se*, the court holds him to less stringent standards and finds that his complaint satisfies Rule 8(a)(1)'s requirements.

## II.     Whether Luckett's Complaint is Frivolous, Malicious, or Fails to State a Plausible Claim

Having concluded that the court has jurisdiction over Luckett's action, the court now screen's Luckett's complaint. *See* 28 U.S.C. § 1915(e). The court's review of Luckett's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Hughes v. Rowe*, 449 U.S. 5 (1980).

### A.     *Legal Standards*

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)  states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from

4

conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

However, where a *pro se* litigant is involved, courts are directed to hold the litigant to "less stringent standards." *See Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### B.      Luckett's Amended Complaint (#6) Should be Dismissed

The court finds that Luckett's complaint fails to state a plausible claim for relief. The complaint states seven claims: (i) fraud, (ii) misappropriation of funds, (iii) extortion, (iv) intentional infliction of emotional distress, (v) embezzlement, (vi) bad faith, and (vii) negligence. Each claim is discussed below.

#### i.      Fraud

In order to state a claim for fraud in Nevada, a plaintiff must allege that (1) the defendant made a false representation; (2) the defendant knew or believed the representation to be false; (3) the defendant intended to induce plaintiff to rely on the misrepresentation; and (4) the plaintiff suffered from damages as a result of his reliance. *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 956 P.2d 1382, 1386 (Nev. 1998).

Luckett failed to plead allegations in support of the first three elements. Rather, he alleges that "Defendants negligently assumed that my xcase [*sic*.], and judgements were completely vacated and therefore return the ($400,000.00) to Hale, Lane [*sic*.] without notice to me or leave of court." This court has previously held that the tort of negligent misrepresentation by nondisclosure may be upheld in some circumstances due to Nevada's adoption of the Restatement (Second) of Torts in developing its common law governing deceit torts. *In re Agribiotech, Inc.*, 291 F. Supp. 2d 1186, 1191 (D. Nev. 2003) (citing *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 111-114 (Nev. 1998)) and 1191 (D. Nev. 2003) and *Epperson v. Roloff*, 102 Nev. at 212-13, 719 P.2d at 803 (defendant may be found liable for misrepresentation even when he "does not make an express misrepresentation, but instead makes a representation which is misleading because it partially suppresses or conceals information.") Under this line of reasoning, the Nevada Supreme Court, in *Epperson v. Roloff*, recognized a cause of action for fraud by nondisclosure

where a special relationship between parties imposes a duty to disclose. *In re Agribiotech, Inc.*, 291 F. Supp. 2d at 1192.

Here, Luckett has failed to demonstrate that the relationship between Defendants and Luckett was such that Defendants' failure to disclose gives rise to a fraud or negligent misrepresentation claim. A claim for fraud or negligent misrepresentation may arise if a party can demonstrate a duty to disclose based upon the relationship between the parties. Id. at 1189-90. Nevada courts do not appear to recognize a special relationship between adverse parties.

The court, therefore, recommends dismissing the claim of fraud against all Defendants with prejudice and without leave to amend. *See Cato*, 70 F.3d at 1106.

ii.     *Misappropriation of Funds*

Next, Luckett alleges that Defendants misappropriated funds. In order to state a claim for breach of fiduciary duty in Nevada, a plaintiff must allege: (1) existence of a fiduciary duty; (2) breach of the duty; and (3) the breach proximately caused the damages. *Klein v. Freedom Strategic Partners, LLC*, 589 F. Supp. 2d 1152, 1162 (D. Nev. 2009). A fiduciary relationship is deemed to exist when one party is bound to act for the benefit of the other party. Such a relationship imposes a duty of utmost good faith. *Hoopes v. Hammargren*, 725 P.2d 238 (Nev. 1986). "Fiduciary" includes a trustee under any trust, expressed, implied, resulting or constructive, executor, administrator, guardian, conservator, curator, receiver, trustee in bankruptcy, assignee for the benefit of creditors, partner, agent, officer of corporation, public or private, public officer, or any other person acting in a fiduciary capacity for any person, trust, or estate. NEV. REV. STAT. §162.020. A thing is done "in good faith" when it is done honestly, whether it is done negligently or not. *Id.*

Here, Luckett alleges, "United Title/Chicago Title hired council [*sic*.] to appear in Nev. Probate Court Action re: estate of Bill Gus Andrews in or around 3/15/12 whereby their atty. Marni Rubin

7

Watkins, a Nev. atty. stated in her moving papers filed with the probate court wheras [*sic.*] United/Chicago Title Co. gave the $400K back to Hale Lane law firm in that they were negligent in failing to check with their CA. [*sic.*] lawyers Howard M. Fields with his and their employed law firm Hollins & Fields, LLP." (Doc. #6 at 2). Luckett failed to allege that Defendants owed him a fiduciary duty. Additionally, as already stated, acting negligently does not result in breach of a fiduciary duty so long as the act was done honestly. NEV. REV. STAT. §162.020.

The court, therefore, recommends dismissing the claim of misappropriation of funds against all Defendants with prejudice and without leave to amend. *See Cato*, 70 F.3d at 1106.

### iii.    Extortion

Luckett's third claim for relief is for extortion. To state a claim for extortion in Nevada, a plaintiff must show that the defendant had the:

> [I]ntent to gain money or other property or to compel or induce another to make, subscribe, execute, alter, or destroy any valuable security or instrument or writing affecting or intended to affect any cause of action or defense, or any property, or to influence the action of any public officer, or to do or abet or procure any illegal or wrongful act whether or not the purpose is accomplished, threatens directly or indirectly: (1) to accuse any person of a crime; (2) to injure a person or property; (3) to publish or connive at publishing any libel; (4) to or impute to any person any deformity or disgrace; or (5) to expose any secret.

NEV. REV. STAT. § 205.320.

Here Luckett alleges, "United Title/Chicago Title hired council [*sic.*] to appear in Nev. Probate Court Action re: estate of Bill Gus Andrews in or around 3/15/12 whereby their atty. Marni Rubin Watkins, a Nev. atty. stated in her moving papers filed with the probate court wheras [*sic.*] United/Chicago Title Co. gave the $400K back to Hale Lane law firm in that they were negligent in failing to check with their CA. [*sic.*] lawyers Howard M. Fields with his and their employed law firm Hollins & Fields, LLP." (Doc. #6 at 2). Luckett failed to allege a plausible claim for extortion.

8

The court, therefore, recommends dismissing the claim of extortion against all Defendants with prejudice and without leave to amend. *See Cato*, 70 F.3d at 1106.

    *iv.*  *Intentional Infliction of Emotional Distress*

Next, Luckett alleges a claim for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress in Nevada, a plaintiff must establish: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith,* 115 Nev. 372, 989 P.2d 882, 886 (1999) (quoting *Star v. Rabello,* 97 Nev. 124, 625 P.2d 90, 92 (1981)). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent–A–Car,* 114 Nev. 1, 953 P.2d 24, 26 (1998) (internal quotation marks and citation omitted). "The Court determines whether the defendant's conduct may be regarded as extreme and outrageous so as to permit recovery, but, where reasonable people may differ, the jury determines whether the conduct was extreme and outrageous enough to result in liability." *Chehade Refai v. Lazaro,* 614 F. Supp. 2d 1103, 1121 (D.Nev.2009) (citing *Norman v. Gen. Motors Corp.,* 628 F. Supp. 702, 704–05 (D.Nev.1986)).

Here Luckett alleges: (1) "Defendants negligently assumed that my xcase [*sic*.], and judgements were completely vacated and therefore return the ($400,000.00) to Hale, Lane [*sic*.] without notice to me or leave of court," and (2) "United/Chicago Title Co. gave the $400K back to Hale, Lane [*sic*.] law firm in that they were negligent in failing to check with their CA. [*sic*.] lawyers Howard M. Fields with his and their employed law firm Hollins & Fields, LLP." (Doc. #6 at 2). Luckett fails to allege a plausible claim for intentional infliction of emotional distress because he alleges that defendants' actions were negligent, not intentional.

9

The court, therefore, recommends dismissing the claim of intentional infliction of emotional distress against all Defendants with prejudice and without leave to amend. *See Cato*, 70 F.3d at 1106.

        *v.*        *Embezzlement*

Next, Luckett alleges a claim for embezzlement. To state a claim for embezzlement in Nevada, a plaintiff must show that the defendant was a bailee of any money, goods or property, and converted it to his own use, with the intent to steal it or to defraud the plaintiff, who is the owner or any person with whom any money, property or effects have been deposited or entrusted, who uses or appropriates the money, property or effects or any part thereof in any manner or for any other purpose than that for which they were deposited or entrusted, is guilty of embezzlement. NEV. REV. STAT. § 205.305.

Here Luckett alleges: "It remains a mystery as to what happened to the ($400,000.00) after the funds were received by Hale Lane via a check written to them from Def. United Title/Chicago Title Co." (Doc. #6 at 2). This allegation does not state a plausible claim for embezzlement because Luckett fails to allege facts which would support a claim that a bailee converted money for its own use and had the required intent.

The court, therefore, recommends dismissing the claim of embezzlement against all Defendants with prejudice and without leave to amend. *See Cato*, 70 F.3d at 1106.

        *vi.*       *Bad Faith by Attorney*

Additionally, Luckett alleges a claim for "bad faith." The complaint alleges: "Mr. Lucas was a Sr. Atty. with Hale, Lane [*sic.*] now Holland & Hart, LLC and should've stopped this money from being given to his firm." (Doc. #6 at 2).

Luckett's "bad faith" claim fails as a matter of law. There is no tort at common law for bad faith. *See* Restatement (Second) of Torts. In the insurance context, a party may state a claim for bad faith. These claims are predicted on the existence of an insurance contract. No contract exists here.

The court, therefore, recommends dismissing the claim of bad faith against all Defendants with prejudice and without leave to amend. *See Cato*, 70 F.3d at 1106.

### vii.   Negligence

Finally, Luckett alleges that Defendants committed negligence. The factual allegations of Luckett's negligence claim survive the court's review. To state a claim for negligence in Nevada, a plaintiff must show: (1) Defendant owed plaintiff a duty of due care; (2) Defendant breached its duty; (3) the breach was the proximate cause of plaintiff's injury; and (4) Plaintiff suffered injuries. *Perez v. Las Vegas Med. Ctr.*, 107 Nev. 1 (1991).

As discussed above, the Supreme Court's decisions in *Iqbal* and *Twombly* require complaints to contain, *inter alia*, "sufficient factual matter, accepted as true." *Iqbal*, 556 U.S. at 678. A complaint's legal conclusions, however, are no substitute for "sufficient factual" matter because they are not accepted as true. *See id.* ("[T]he tenant that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. . . [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.")

Here Luckett alleges: (1) "Defendants negligently assumed that my xcase [*sic*.], and judgements were completely vacated and therefore return the ($400,000.00) to Hale, Lane [*sic*.] without notice to me or leave of court," and (2) "United/Chicago Title Co. gave the $400K back to Hale, Lane [*sic*.] law firm in that they were negligent in failing to check with their CA. [*sic*.] lawyers Howard M. Fields with his and their employed law firm Hollins & Fields, LLP." (Doc. #6 at 2).

Luckett's negligence claim fails as a matter of law for two reasons. First, the allegations are largely conclusory. Luckett concludes, without providing sufficient factual basis, that Defendants "negligently assumed" judgements were vacated. Second, Luckett fails to establish what duty, if any,

11

each Defendant owes him. Under the alleged facts, no duty appears to have been breached. Negligence is failure to exercise that degree of care in a given situation which a reasonable man under similar circumstances would exercise. *Rocky Mountain Produce Trucking Co. v. Johnson*, 78 Nev. 44, 51, 369 P.2d 198 (1962). The standard of care is that of the ordinary prudent man, not that of extraordinarily prudent man. *Driscoll v. Erreguible*, 482 P.2d 291, 294, 87 Nev. 97, 101 (Nev. 1971). "Breach of a duty of reasonable care in a professional malpractice situation is the failure of an attorney to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise." *Vaxiion Therapeutics, Inc. v. Foley & Lardner LLP*, 593 F. Supp. 2d 1153, 1165 (S.D. Cal., 2008). Rule 3.4 of the Nevada Rules of Professional Conduct states duties attorneys owe to opposing party and counsel. MODEL RULES of PROF'L CONDUCT R. 3.4 (2014). Rule 3.4 states that opposing counsel may not obstruct or falsify evidence, make frivolous discovery requests or fail to comply with proper discovery requests, or allude to irrelevant matter during trial. *Id*. As alleged, Luckett fails to establish what duty, if any, each Defendant owes him and how the duty was breached. Luckett concludes, without providing sufficient factual basis, that Defendants "negligently assumed" judgements were vacated.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENED that Luckett's amended complaint (#6) be DISMISSED without leave to amend.

**<u>NOTICE</u>**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the

12

objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 2nd day of July, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

13