UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN LUCKETT,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED TITLE COMPANY, INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 2:15-CV-00168-APG-VCF<br><br>**ORDER**<br><br>(DKT. #3, #9) |

On July 2, 2015, Magistrate Judge Ferenbach entered a Report & Recommendation (Dkt. #8) recommending I dismiss plaintiff Luckett's amended complaint with prejudice. Luckett objected to that recommendation. (Dkt. #9.) I have conducted a de novo review of the issues set forth in the Report & Recommendation. 28 U.S.C. § 636(b)(1). Judge Ferenbach's Report will be modified as follows:

　　　　1. At page 2, lines 7-8, the Report states that "Hale Lane was hired to represent Luckett through Attorney Liability Protection Society, Inc." That sentence is revised to say "Hale Lane was hired to represent United Title and Chicago Title through Attorney Liability Protection Society, Inc."

　　　　2. At page 11, lines 4-5, the Report states: "The factual allegations of Luckett's negligence claim survive the court's review." That sentence is revised to say: "The factual allegations of Luckett's negligence claim cannot survive the court's review."

　　　　3. I part with Judge Ferenbach's recommendation of dismissal with prejudice of all of Luckett's claims. "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Judge Ferenbach's Report explains in detail the deficiencies of Luckett's amended complaint. I agree with those findings. However, it might be possible for Luckett to cure some of the deficient

claims. If United Title and Chicago Title truly owed Luckett some duty based upon a court order requiring them to hold funds on his behalf,[1] Luckett might be able to assert claims for misappropriation of funds, embezzlement, and negligence. Given that the record is unclear and confusing, at this point, I must allow Luckett one final chance to amend his complaint to assert valid claims, if facts exist to support them. However, I agree with Judge Ferenbach that Luckett's claims for fraud, extortion, intentional infliction of emotional distress, and bad faith should be dismissed with prejudice because those claims cannot be salvaged. Luckett must read Judge Ferenbach's Report carefully, so he understands the deficiencies in his remaining claims.

IT IS THEREFORE ORDERED that Report & Recommendation (**Dkt. #8) is accepted in part** and modified as set forth above. Luckett's amended complaint is dismissed. His claims for misappropriation of funds, embezzlement, and negligence are dismissed without prejudice. His claims for fraud, extortion, intentional infliction of emotional distress, and bad faith are dismissed with prejudice.

IT IS FURTHER ORDERED that on or before November 23, 2015, Luckett may file a second amended complaint that cures the deficiencies in his claims of misappropriation of funds, embezzlement, and negligence, as discussed in Judge Ferenbach's Report, if he has sufficient facts to justify such claims. Given that this is Luckett's second chance to amend his complaint, if he fails to cure the deficiencies in those claims, they may be dismissed with prejudice. Similarly,

////

////

////

---

[1] The record is confusing whether the title companies were required to hold funds for Luckett and, if so, why and for how long. For instance, in both his amended complaint and objection, Luckett alleges that the Nevada state probate court ordered the title companies to hold funds in an escrow account for his benefit. (Dkt. #6 at 2, ¶1; Dkt. #9 at 3.) Papers filed in Nevada state court seem to confirm money was being held for Luckett's benefit. (Dkt. #9-1 at 3, ¶7; *Id.* at 29.) However, California state court papers indicate that the judgment Luckett was relying on was vacated. (Dkt. #9-1 at 26.) Some of the court papers Luckett attached to his objection are incomplete. (*See, e.g.,* Dkt. #9-1 at 28-30.) Therefore, the facts of this case are unclear.

if Luckett does not file his second amended complaint by November 23, 2015, this case will be closed.

DATED this 26th day of October, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE