**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

JOHN LUCKETT,

Plaintiff,

vs.

UNITED TITLE COMPANY; *et.al.*,

Defendants.

Case No. 2:15–cv–168–APG–VCF

**REPORT & RECOMMENDATION**

Before the court is Luckett's second amended complaint. (ECF No. 11) Luckett was previously granted leave to proceed with this action *in forma pauperis*. (ECF No. 3). Pursuant to 28 U.S.C. §1915(e)(2), the court screens Luckett's second amended complaint to determine whether his amended complaint is frivolous, malicious, or fails to state a claim for which relief may be granted. For the reasons stated below, Luckett's second amended complaint should be dismissed without leave to amend.

**I. Discussion**

Plaintiff John Luckett obtained a judgment against the Estate of Bill Gus Andrews in California state court. (ECF No. 11) Rather than immediately distribute the funds, United Title Company initiated proceedings in Nevada probate court. (*Id.*) This resulted in the funds being placed in an escrow account for Luckett's benefit. (*Id.*) Luckett sues the Defendants in this action for the disbursement of the funds. (ECF No. 1)

The court dismissed Luckett's original complaint on jurisdictional grounds. (ECF No. 7) Luckett filed an amended complaint, which cured these jurisdictional deficiencies. (ECF No. 6) The court dismissed Luckett's first amended complaint for failure to state a claim. (ECF No. 10)

The court granted Luckett leave to amend his claims for misappropriation of funds, embezzlement, and negligence. (*Id.*) It dismissed with prejudice his claims for fraud, extortion, intentional infliction of emotional distress, and bad faith. (*Id.*) The court explicitly instructed Luckett to "read Judge Ferenbach's Report carefully, so he understands the deficiencies in his remaining claims." (*Id.*)

Luckett appears to have ignored the court's instruction. His first and second amended complaints are virtually identical. The only differences are cosmetic; he reduced his claims from seven to four and substituted the word "fraud" for "negligence" in his first cause of action. (ECF No. 11) Luckett's claims for relief are still devoid of the factual allegations that would constitute plausible claims for relief. (ECF No. 8)

This was Luckett's final opportunity to cure the deficiencies in his complaint. (ECF No. 10)("Given that the record is unclear and confusing, at this point, I must allow Luckett one final change to amend his complaint to assert valid claims, if facts exist to support them.") He was expressly directed to this court's report (ECF No. 8) and instructed to follow this court's analysis in order to cure the deficiencies in his complaint. He has not complied.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Luckett's second amended complaint (ECF No. 11) be DISMISSED without leave to amend.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1)

failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

IT IS SO RECOMMENDED.

DATED this 3rd day of November, 2016.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE